Velasquez-Velasquez v. Sessions

BIA
Straus, IJ
A206 735 389/390

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of April, two thousand seventeen.

PRESENT:
> JOHN M. WALKER, JR.,
> JOSÉ A. CABRANES,
> BARRINGTON D. PARKER,
> *Circuit Judges.*

_____

INGRIS YAMILEH VELASQUEZ-VELASQUEZ,
FRANCIS NAZARETH GARCIA-VELAZQUEZ,
> *Petitioners,*

v.                                          16-540
                                            NAC

JEFFERSON B. SESSIONS III, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONERS:          Gregory Osakwe, Hartford, CT.

FOR RESPONDENT:           Benjamin C. Mizer, Principal Deputy
                          Assistant Attorney General; Paul
                          Fiorino, Senior Litigation Counsel;
                          Deitz P. Lefort, Trial Attorney,
                          Office of Immigration Litigation,
                          United States Department of Justice,
                          Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Ingris Yamileh Velasquez-Velasquez and her daughter, Francis Nazareth Garcia-Velazquez, natives and citizens of Honduras, seek review of a January 29, 2016, decision of the BIA affirming an April 13, 2015, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ingris Yamileh Velasquez-Velasquez, Francis Nazareth Garcia-Velazquez,* Nos. A206 735 389/390 (B.I.A. Jan. 29, 2016), *aff'g* Nos. A206 735 389/390 (Immig. Ct. Hartford Apr. 13, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's and the BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). We find no error in the agency's conclusions that Velasquez-Velasquez failed to establish past persecution or a well-founded fear of future persecution.

2

<u>Past Persecution</u>

A valid claim of past persecution may "encompass[] a variety of forms of adverse treatment, including non-life-threatening violence and physical abuse," but the harm must be sufficiently severe, rising above "mere harassment." *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006) (internal quotation marks omitted). Unfulfilled threats alone do not constitute persecution. *Gui Ci Pan v. U.S. Att'y General*, 449 F.3d 408, 412-13 (2d Cir. 2006); *Guan Shan Liao v. U.S. Dep't of Justice*, 293 F.3d 61, 70 (2d Cir. 2002) (stating that "threat of detention . . . itself . . . is not past persecution").

The agency reasonably found that Velasquez-Velasquez did not suffer persecution in Honduras as her claim rested solely on a gang's unfulfilled threats to harm her and her daughters if she did not pay extortion money as a business owner. *See Gui Ci Pan*, 449 F.3d at 412-13; *Guan Shan Liao*, 293 F.3d at 70. Contrary to the assertion in her counseled brief, she did not testify that gang members physically assaulted her or that she reported a physical assault to police. Velasquez-Velasquez used the word assault only once during her testimony (when asked how police could locate gang members she had not identified); she testified, "when I made the report . . . of the time they

3

assaulted me . . . at the store . . . they said there [was] not enough proof[]."  Velasquez-Velasquez never claimed that this assault was physical rather than verbal and never provided any facts that would indicate that she was physically attacked. Likewise, the police report she submitted states that she reported being threatened without mention of a physical attack.

Moreover, although Velasquez-Velasquez testified that gang members robbed and beat her husband while he drove a taxi in 2009, harm to a family member does not constitute persecution unless the asylum applicant "shares . . . the characteristic that motivated persecutors to harm the family member, [and] was also within the zone of risk when the family member was harmed, and suffered some continuing hardship after the incident."  *Tao Jiang v. Gonzales*, 500 F.3d 137, 141 (2d Cir. 2007); *see also Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 308 (2d Cir. 2007) (concluding "that the statutory scheme unambiguously dictates that applicants can become candidates for asylum relief only based on persecution that they themselves have suffered").  Velasquez-Velasquez did not assert that she was present when her husband was harmed, or that she shared the same characteristic that motivated his attackers to rob him.  And, although Velasquez-Velasquez testified that she accrued debt due to her husband's resulting injuries, she did not testify

4

to any facts showing a substantial economic disadvantage as required for a claim of economic persecution (she was able to rent a home, work for an international corporation, and start a small business). *See Guan Shan Liao*, 293 F.3d at 70. Indeed, as the Government argues, Velasquez-Velasquez failed to articulate or exhaust an economic persecution claim before the agency and thus we do not consider such a claim here. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 122 (2d Cir. 2007).

Accordingly, because Velasquez-Velasquez claimed to have personally suffered only unfulfilled threats, the agency did not err in finding that she had not suffered persecution. *See Gui Ci Pan*, 449 F.3d at 412-13; *see also Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011) ("We have emphasized that persecution is an extreme concept that does not include every sort of treatment our society regards as offensive." (internal quotation marks and citations omitted)).

Well-Founded Fear of Future Persecution

Absent past persecution, in order to establish a well-founded fear of future persecution, an applicant must "present credible testimony that [s]he subjectively fears persecution and establish that h[er] fear is objectively reasonable." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). "An applicant does not have a well-founded fear

5

of persecution if the applicant could avoid persecution by relocating to another part of the applicant's country of nationality . . . if under all the circumstances it would be reasonable to expect the applicant to do so." 8 C.F.R. § 1208.13(b)(2)(ii). The agency did not err in determining that Velasquez-Velasquez failed to establish that her fear of harm was objectively reasonable.

Velasquez-Velasquez did not assert that anyone has threatened or shown continued interest in her since she closed her store and left Honduras. And two of her daughters, who purportedly also were threatened, have remained unharmed in Honduras. Accordingly, the agency did not err in finding her fear of future harm speculative. *See Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999) (finding future fear diminished when similarly situated individuals are able to live unharmed in asylum applicant's native country); *see also Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record . . . , [an applicant's] fear is speculative at best.").

Moreover, the agency did not err in finding that Velasquez-Velasquez could safely relocate to the capital of Honduras as her daughters had done. *See* 8 C.F.R. § 1208.13(b)(2)(ii). Her explanations that she had never

6

lived in the capital, did not have a house there, and could not leave her children alone there were not compelling given that she had moved to the United States where she had never lived and did not have a house and allowed two of her daughters to move to the Honduran capital with her sister. *See* 8 C.F.R. § 1208.13(b)(2)(ii); *see also Singh v. BIA*, 435 F.3d 216, 219 (2d Cir. 2006) ("Asylum in the United States is not available to obviate re-location to sanctuary in one's own country.").

Because Velasquez-Velasquez failed to demonstrate an objectively reasonable fear of persecution, the agency did not err in denying her asylum, withholding of removal, and CAT relief because all three claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006). Accordingly, we do not reach the agency's alternative basis for denying asylum and withholding of removal—its determination that Velasquez-Velasquez failed to demonstrate that the harm she fears is on account of a protected ground. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal

7

that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk